UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORLANDO GARCIA,<br><br>      Plaintiff,<br><br>   v.<br><br>GARY JAMES SUNSERI, et al.,<br><br>      Defendants. | Case No.   5:21-cv-09115-EJD<br><br>**ORDER DISMISSING COMPLAINT AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION** |

Plaintiff filed the instant action against Defendants seeking money damages and injunctive relief for violations of the federal Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act.  ECF No. 1.

On April 11, 2022, the parties entered into a consent decree that resolved the injunctive relief requested but did not resolve the issue of money damages.  ECF No. 20.  On June 22, 2022, the Court ordered Plaintiff to show cause why the Court should not dismiss its ADA claim and decline to exercise supplemental jurisdiction over the California Unruh Act claim.  ECF No. 31.  On February 7, 2023, Plaintiff filed a status report indicating that he has no objection to the Court's decision to decline supplemental jurisdiction over the Unruh claim.  *Id.* ¶ 14.

Plaintiff's ADA claim is subject to dismissal because the parties have already settled Plaintiff's claims against Defendants for injunctive relief.  "The only available relief to private plaintiffs under the ADA is injunctive."  *Gastelum v. Blue Diamond Hosp. LLC*, 2022 WL 4292957, at *2 (N.D. Cal. Sept. 16, 2022) (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)).  Accordingly, because there is no other relief Plaintiff may obtain under the ADA, Plaintiff's ADA claim is DISMISSED WITHOUT LEAVE TO AMEND.

Case No.: 5:21-cv-09115-EJD
ORDER DISMISSING COMPLAINT

1

Because the only federal claim in the Complaint has been dismissed, Plaintiff's Unruh claim may only persist under supplemental jurisdiction. However, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Furthermore, Plaintiff has withdrawn any objection to the Court declining to exercise supplemental jurisdiction over his Unruh claim. ECF No. 38. Accordingly, Plaintiff's Unruh claim is DISMISSED WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE to filing in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 5, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-09115-EJD
ORDER DISMISSING COMPLAINT

2